Filed 3/12/14  S&B Services v. County of San Joaquin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| S & B SERVICES, INC. et al., | C068906 |
| Plaintiffs and Appellants, | (Super. Ct. No. CV031824) |
| v. | |
| COUNTY OF SAN JOAQUIN et al., | |
| Defendants and Respondents. | |

Plaintiffs S & B Services, Inc. (S&B), a California corporation, Lewis F. Steele, and Sam Beasley operate alcohol and drug programs.  S&B entered into an oral agreement with defendant County of San Joaquin (County) employees Dan Bava, Bruce Hopperstad, and Frances Hutchins to provide programs for the County.  Subsequently, S&B filed suit against the County, Bava, Hopperstad, and Hutchins for services provided by S&B to the County.  The complaint alleged 10 causes of action and the trial court granted defendants' motion for judgment on the pleadings as to six of the causes of action.

Defendants filed a motion for summary judgment on the remaining causes of action and the trial court granted the motion. The court found S&B failed to establish a valid and enforceable contract, the prerequisite for breach of contract claims. S&B appeals, arguing triable issues of fact exist and procedural error. We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Beasley and Steele own S&B, a company which provides alcohol recovery programs. In 2003 S&B entered into discussions with County employees from the County Health Care Services Agency to assume liability for the County's alcohol recovery center (ARC) and to operate the facility for the County.

Beasley requested that the oral agreement be put in writing and stated that County employees agreed to do so. However, the oral agreement was never put in writing.

According to Beasley, the oral agreement was that on December 1, 2003, S&B would assume operation of the ARC and operate it under the County's license. Among the other issues covered by the agreement, County employees employed by the ARC would be transferred to other positions and replaced by private sector employees. S&B would run the ARC programs for at least 18 months and provide liability insurance. The County would charge S&B for enrollments, and S&B would collect the fees paid by enrollees. S&B would assume all liability and expenses for the programs.[1]

S&B began operating the ARC on December 1, 2003. After Beasley discovered the County Board of Supervisors (Board) was unaware of the oral agreement, he asked County employee George Feicht about the discrepancy. Feicht told Beasley two Board members knew of the agreement but did not identify the members by name.

---

[1] Portions of the agreement evolved from an earlier evaluation of the ARC programs prepared by S&B.

Beasley did not ask Feicht why the Board had not been presented with the oral agreement, nor did S&B contact the Board to discuss memorializing the oral agreement. The terms of the oral agreement were never submitted to the Board, so the Board never approved it.

According to S&B, its operation of the ARC was approved by County Administrator Manuel Lopez and known to Deputy County Administrator Chris Rose, Director of Health Care Services Kenneth Cohen, Director of Substance Abuse, Alcohol and Drug Program Services Dan Bava, and Substance Abuse Division Coordinator Guadalupe Guns.[2] S&B contends it was induced to enter into the agreement to provide services based upon promises and representations made by the County through Bava, Hopperstad, and Hutchins.

In February 2007 S&B filed suit against the County and the individual defendants, alleging 10 causes of action arising from the oral agreement, including tort claims. The County and the individual defendants moved for judgment on the pleadings as to the tort causes of action. The court granted the motion.

Four causes of action remained: injunctive relief, declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. S&B alleged breach of contract based on defendants' failure to provide a written contract setting forth the terms under which S&B would operate the ARC, representing that a written contract would be forthcoming, concealing the lack of a written contract, misrepresenting the terms and conditions of performance by both parties, falsely representing that if S&B performed as agreed it would receive a written contract, interfering with S&B's ability to perform the agreement through threats of closure and termination of performance, and replacing S&B with another provider.

---

[2] Bava was subsequently replaced by Hopperstad and Hutchins.

The County and the individual defendants filed a motion for summary judgment as to the four remaining causes of action. According to defendants, no valid contract existed between S&B and the County within Government Code section 23005.

The trial court granted the summary judgment motion. The court found S&B could not establish the existence of a valid contract and thus could not establish breach. In addition, the court found S&B could not invoke promissory estoppel. Following entry of judgment, S&B filed a timely notice of appeal.

## DISCUSSION

## I.

A motion for summary judgment must be granted if the submitted papers show there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party initially bears the burden of making a "prima facie showing of the nonexistence of any genuine issue of material fact." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 845.) "A prima facie showing is one that is sufficient to support the position of the party in question." (*Id.* at p. 851.) "Thus, if a plaintiff who would bear the burden of proof by a preponderance of evidence at trial moves for summary judgment, he must present evidence that would require a reasonable trier of fact to find any underlying material fact more likely than not— otherwise, he would not be entitled to judgment as a matter of law, but would have to present his evidence to a trier of fact." (*Ibid*., italics omitted.) Once the moving party has met its burden, the burden shifts to the opposing party to show the existence of a triable issue of material fact. (Code Civ. Proc., § 437c, subds. (c), (p)(2).)

We review de novo the record and the determination of the trial court. First, we identify the issues raised by the pleadings, since it is these allegations to which the motion must respond. Second, we determine whether the moving party has established facts negating the opponent's claims and justifying a judgment in the moving party's favor. When a summary judgment motion prima facie justifies a judgment, the final step

4

is to determine whether the opposition demonstrates the existence of a triable, material issue of fact. (*Barclay v. Jesse M. Lange Distributor, Inc.* (2005) 129 Cal.App.4th 281, 290.)

The trial court granted summary judgment based on S&B's failure to raise a triable issue of fact that a valid and enforceable contract existed between S&B and the County. Central to the court's decision is Government Code section 23005, which provides: "A county may exercise its powers only through the board of supervisors or through agents and officers acting under authority of the board or authority conferred by law."[3] Since S&B failed to produce any evidence that the alleged oral agreement was ever submitted to or approved by the Board, the court found no triable issue of material fact. In urging that the trial court erred, S&B interposes a procedural objection to the County's separate statement of facts, and substantive objections to the court's conclusion that the oral agreement was invalid and unenforceable as a matter of law. We reject each objection in turn.

## II. County's Separate Statement

The County moved for summary judgment on the four causes of action remaining after judgment on the pleadings or, in the alternative, for summary adjudication. The trial court granted the motion for summary judgment, eliminating the need to address the request for summary adjudication.

Rule 3.1350(h) of the California Rules of Court sets forth the separate statement format for motions for summary judgment and motions for summary adjudication. A motion for summary adjudication requires separately identified causes of action, claims, or affirmative defenses; a motion for summary judgment does not. S&B argues the trial

---

[3] All further references are to the Government Code unless otherwise designated.

court abused its discretion in not requiring the County to comply with the rule, and this procedural defect requires reversal of the judgment.

However, even assuming the technical violation alleged applied to County's separate statement, the court's authority to deny summary judgment on the basis of an alleged failure to comply with California Rules of Court, rule 3.1350 is discretionary; it is not compelled to do so. (*Truong v. Glasser* (2009) 181 Cal.App.4th 102, 118.)

Here, the court discussed the County's alleged failure to comply with the procedural requirements. The court found only a technical violation and stated it had no difficulty following or understanding the County's motion. There was no abuse of discretion.

### III. Board Approval Inferred from Knowledge of Contract

S&B argues express authority of the Board was not required to establish a valid contract. Instead, S&B contends the Board's approval can be inferred by its knowledge of S&B's performance and allowing S&B to continue to perform from 2005 through 2007. According to S&B, the Board had knowledge of the oral agreement from at least 2005. Cohen, Bava, and County Administrator Lopez had knowledge since 2003. S&B's assertion regarding the Board's knowledge rests on the testimony of Cohen.

In deposition Cohen testified he learned of the agreement with S&B in 2005 but never informed the Board of the agreement. Cohen conferred with County Counsel Quendrith Macedo "[t]o begin to look at what options do we have to unwind something that's not authorized."

In a letter to the Board dated May 30, 2007, and entitled "Approval of Licensure Recommendation for S&B Services," Cohen recommended the County relinquish its license and support licensure for S&B. Cohen testified he had the letter drafted following his discussions with county counsel.

Neither the May 30, 2007, letter nor Cohen's testimony establishes that the Board approved the oral agreement between S&B and the County. At most, the evidence

6

reveals the Board was aware of an arrangement between S&B and the County's ARC programs and never acted to repudiate it. The trial court properly rejected S&B's argument that approval of the oral agreement can be inferred under such circumstances.

### IV. Contract a Valid Act of County Agents

S&B contends the contract was valid under section 23005 because it was entered into by agents and officers of the County "acting under authority conferred by law." Under this theory, the County employees who negotiated the oral agreement acted based on authority conferred by law, establishing a valid contract with the County.

All negotiations between S&B and the County were conducted by Bava and Feicht, employees of the Office of Substance Abuse, part of the Health Care Services Agency. Cohen's declaration established that neither he nor anyone employed by the Health Care Services Agency possessed the authority to enter into an agreement on behalf of the County. Any agreement allowing a private entity to operate using a license held by the County must be in writing and approved by the Board.

S&B contends County employees could commit the County to a contract under provisions of the Health and Safety Code, the Government Code, and title 9 of the California Code of Regulations. However, S&B fails to explain how either the Health and Safety Code or title 9 confers such power.

As for the Government Code, S&B argues section 24000 includes a " 'county health officer' " and an " 'administrative officer' " in the list of officers of a county who have the power, under section 23005, to bind the County to a contract without the Board's approval.

S&B provides absolutely no authority for this proposition, which, carried to its logical conclusion, would allow any County health officer or administrative officer to bind the County to long-term contracts without any involvement of the Board. We reject S&B's construction of the Government Code to reach such an absurd result.

7

## V.  Promissory Estoppel

S&B also argues the doctrine of promissory estoppel applies, binding the County to the oral agreement.  Since S&B performed under the oral agreement, it was entitled to receive damages equal to the value of its performance.

The elements required for promissory estoppel are a promise, clear and unambiguous in its terms, reliance by the party to whom the promise is made, that the reliance was both reasonable and foreseeable, and injury.  (*Laks v. Coast Fed. Sav. & Loan Assn.* (1976) 60 Cal.App.3d 885, 890.)  The trial court rejected S&B's attempt to invoke promissory estoppel.

Here, S&B cannot establish that its reliance on County employees was reasonable under the circumstances.  (*Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 655.)  A party who deals with a public officer stands charged presumptively with a full knowledge of that officer's power and is bound to ascertain the extent of that power to bind the government.  To be valid, any act of an officer must be based on express authority in the law or necessarily incidental to an express power.  (*Amelco Electric v. City of Thousand Oaks* (2002) 27 Cal.4th 228, 234; *Burchett v. City of Newport Beach* (1995) 33 Cal.App.4th 1472, 1479.)

Contracts binding the County must be in writing and must be approved by the Board.  No government, whether state or local, is bound to any extent by an officer's acts in excess of the officer's authority.  (*Katsura v. City of San Buenaventura* (2007) 155 Cal.App.4th 104, 109.)  The doctrine of estoppel may not be invoked to enforce a void contract.  (*G. L. Mezzettta, Inc. v. City of American Canyon* (2000) 78 Cal.App.4th 1087, 1094.)  In addition, the doctrine of estoppel may not be invoked against a governmental body where it would operate to defeat the effective operation of a policy

8

adopted to protect the public.  (*Kajima/Ray Wilson v. Los Angeles County Metropolitan Transportation Authority* (2000) 23 Cal.4th 305, 316.)[4]

## DISPOSITION

The judgment is affirmed.  The County shall recover costs on appeal.


                                        RAYE          , P. J.



We concur:



        NICHOLSON        , J.



        BUTZ           , J.

---

[4]  S & B contends the order granting summary judgment did not determine there is no triable issue as to any material fact and that the County is entitled to judgment as a matter of law.  The trial court stated "there is no triable issue of material fact as to the remaining four causes of action in the complaint . . . .  Accordingly, Defendants are entitled to summary judgment in their favor as a matter of law."